315 F.Supp.2d 867 (2004)
NATIONAL SOLID WASTES MANAGEMENT ASSOCIATION, Plaintiff,
v.
Jennifer M. GRANHOLM, in her official capacity as Governor of the State of Michigan; and Steven E. Chester, in his official capacity as Director of the Michigan Department of Environmental Quality; Mike Cox, in his official *868 capacity as Michigan's Attorney General; Col. Tadarial J. Sturdivant, in his official capacity as Director of the Michigan Department of State Police; and the Charter County of Wayne, Defendants.
No. 04-71271.
United States District Court, E.D. Michigan, Southern Division.
April 16, 2004.
Lisa Robinson, Robert A. Marsac, Howard and Howard P.C., Detroit, MI, Thomas Mounteer, Paul Hastings, Janofsky, and Walker L.L.P., Washington D.C., for National Solid Wastes Management Association, Plaintiff.

ORDER
ZATKOFF, Chief Judge.
Before the Court is Plaintiff National Solid Wastes Management Association's Motion to Transfer Case Pursuant to L.R. 83.11 and a Revised Motion to Transfer Case Pursuant to L.R. 83.11. This matter is before Chief Judge Zatkoff in his capacity as Chief Judge of the United States District Court for the Eastern District of Michigan.
On April 5, 2004, Plaintiff National Solid Wastes Management Association, (hereinafter "NSWMA"), filed the instant action, and the case was assigned to the Honorable George E. Woods. See Nat'l Solid Wastes Mgt. Ass'n v. Granholm, et al., Case No. 04-71271 (Woods, J.). At the time it filed its Complaint, and consistent with its obligation under Local Rule 83.11(b)(7)(B), Plaintiff indicated its belief that the instant action is a companion case to another action previously assigned to the Honorable Marianne O. Battani. See Nat'l Solid Wastes Mgt. Ass'n v. Charter County of Wayne, Case No. 03-60188 (Battani, J.). The instant action, however, has not been reassigned to Judge Battani, even though Plaintiff has so requested.
On April 8, 2004, Plaintiff filed the instant Motion to Transfer Case Pursuant to L.R. 83.11 and Revised Motion to Transfer Case Pursuant to L.R. 83.11. With its Motion and Revised Motion, Plaintiff asks that Chief Judge Zatkoff, in his capacity as Chief Judge, reassign the instant action from Judge Woods to Judge Battani pursuant to Local Rule 83.11(b)(2), since, Plaintiff argues, (1) the case before Judge Woods is a companion case to the case before Judge Battani as defined by Local Rule 83.11(b)(7)(A); and (2) the reassignment of this matter to Judge Battani would promote both docket and judicial *869 efficiency and be in the interests of justice, as contemplated by Local Rule 83.11(b)(2). See E.D. MICH. L.R. 83.11(b)(2) & (7). The Court, however, rejects Plaintiff's argument and declines Plaintiff's request to reassign the instant case.
Plaintiff relies upon two provisions of the Local Rules of the Eastern District of Michigan: Local Rule 83.11(b)(2) and Local Rule 83.11(b)(7)(A). Local Rule 83.11(b)(1), (2) & (7)(A) provides as follows:
(b) Reassignment of Civil Cases.
(1) Cases shall be reassigned only by order of the Court.
(2) To promote docket efficiency, or to conform to the requirement of any case management plan adopted by the Court, or upon consent of the parties, or after notice and hearing, or in the interests of justice, the Chief Judge may order a civil case to be reassigned, but only with the consent of the Judge to whom the case was originally assigned and with the consent of the Judge to whom it is to be reassigned.
...
(7) Companion Cases.
(A) Companion cases are those cases in which it appears that:
(i) substantially similar evidence will be offered at trial; or
(ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.
(B) Counsel, including the United States Attorney, or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the civil case cover sheet.
(C) When it becomes apparent to the Judge to whom a case is assigned and to a judge having an earlier case number that the two cases are companion cases, upon consent of the judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.
See E.D. MICH. L.R. 83.11(b)(1), (2), & (7)(A).
To the extent Plaintiff requests that Chief Judge Zatkoff determine that the instant action, (Case No. 04-71271), is a companion case to the case before Judge Battani, (Case No. 03-60188), that determination is to be made by Judge Woods and Judge Battani, not Chief Judge Zatkoff. And although counsel has an obligation to bring a potential companion case to the attention of the Court, see E.D. MICH. L.R. 83.11(b)(7)(B), determining whether a case is a companion case is not a determination to be made by counsel. Local Rule 83.11(b)(7)(C) clearly states that in order for a Judge to reassign a case to another Judge pursuant to the Local Rules regarding companion cases, it must be "apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number" that the two cases are companion cases. See E.D. MICH. L.R. 83.11(b)(7)(C). If either Judge does not believe that the case to be reassigned is a companion case, then the case may not be reassigned. In fact, if a Judge to whom a case is assigned, or a Judge having an earlier case number, believes that a particular case is not a companion case, then that Judge has an obligation to not reassign the case, or to refuse reassignment, depending on the circumstances.
Furthermore, to the extent Plaintiff relies upon Local Rule 83.11(b)(2), Plaintiff's reliance is entirely misplaced. Although Local Rule 83.11(b)(2) states that the Chief *870 Judge may reassign a case from one Judge to another for docket efficiency or in the interests of justice, Local Rule 83.11(b) also clearly states that the Chief Judge may only do so with the consent of both the Judge to whom the case was originally assigned and the Judge to whom the case would be reassigned. See E.D. MICH. L.R. 83.11(b)(2). In this case, the case before Judge Woods could easily be reassigned to Judge Battani without Chief Judge Zatkoff's assistance if both Judges agreed that it was a companion case to the case before Judge Battani.[1]
Accordingly, and as set forth above, it is HEREBY ORDERED that Plaintiff's Motion and Revised Motion to Transfer Case Pursuant to L.R. 83.11 are DENIED.
IT IS SO ORDERED.
NOTES
[1] The Court notes that it received a phone call from an unidentified representative of Plaintiff's on Thursday, April 8, 2004, shortly before Plaintiff filed its Motion and Revised Motion to Transfer Case Pursuant to L.R. 83.11. This representative inquired into how Plaintiff's Motion should be addressed to Chief Judge Zatkoff. Chief Judge Zatkoff's staff informed Plaintiff's representative that the matter would not properly be addressed to Chief Judge Zatkoff, and that whether a particular case was a companion case to another case was a determination to be made by the Judges involved, and not the Chief Judge. Plaintiff's representative expressed her disagreement, but after being placed on hold, hung up the phone before leaving her name. Within hours of this phone call, Plaintiff had filed its Motion and Revised Motion, in spite of being advised that filing with the Chief Judge was inappropriate.